IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT WORRELL,

          Plaintiff,

   vs.

ROGER WERHOLTZ, et al.,

          Defendants.

CIVIL ACTION
No. 05-3362-SAC

ORDER

    This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

    Plaintiff claims his constitutional rights were violated by a failure to provide adequate staff levels, resulting in an attack upon him by other prisoners in September 2003; by a failure to provide him with adequate medical care for the injuries he sustained in the attack; by housing him at the Lansing Correctional Facility in an area unsuitable for his physical condition; by the failure to properly inventory his personal property; by a refusal to contact local police after

he was assaulted; and by unprofessional and indifferent conduct. He asserts these actions violated his rights under the First, Eighth, and Fourteenth Amendments.

The Prison Litigation Reform Act of 1996 amended 42 U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See K.A.R. 44-15-101 - 44-15-106 (outlining grievance procedure for state prisoners).

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in

its entirety without prejudice." <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004).

The present record does not demonstrate that plaintiff fully exhausted the administrative remedy procedure by presenting each claim he asserts in this action to the unit team, the warden, and the Secretary of the Department of Corrections, as provided by state regulations.

It is settled in this Circuit that "resort to a prison grievance process must precede resort to a court." <u>Steele</u>, 355 F.3d at 1207 (quotation marks and citation omitted). Accordingly, the court directs plaintiff to show cause why this matter should not be dismissed without prejudice due to his failure to properly exhaust available administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including October 14, 2005, to show cause why this matter should not be dismissed due to his failure to exhaust administrative remedies. The failure to file a timely response may result in the dismissal of this matter without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 21st day of September, 2005.

                                                          S/ Sam A. Crow
                                                          SAM A. CROW
                                                          United States Senior District Judge